IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 2:18-cr-20004 |
| ) | Honorable Judge Sara Darrow |
| DEWAYNE YOUNG, ) | |
| ) | |
| Defendant. ) | |

### MR. DEWAYNE YOUNG'S COMBINED MOTION AND MEMORANDUM IN SUPPORT TO SUPPRESS EVIDENCE

Now comes the Defendant, **Dewayne Young**, by and through his undersigned counsel, and respectfully submits the instant Motion and Memorandum in Support to Suppress Evidence, pursuant to the Fourth Amendment to the Constitution of the United States of America, as well as the holdings in *Illinois v. Gates*, 462 U.S. 413 (1983), *United States v. Glover*, 755 F.3d 811 (7th Cir. 2014), and *Franks v. Delaware*, 438 U.S. 154 (1978).  In support thereof, Mr. Young states as follows:

**BACKGROUND**

On January 3, 2018, a grand jury returned a true bill of Indictment (the "Indictment") as to Mr. Young.  The two-count Indictment alleges that Mr. Young violated 18 U.S.C. § 922(g)(1) and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  Dkt. No. 1, p. 2.  In addition, the Indictment includes a forfeiture allegation for any firearms or ammunition used in the alleged offenses.  *Id*. at 2.  The basis of the Indictment was evidence seized when a search warrant was executed at a home in which Mr. Young was staying at the time.  Specifically, the warrant was executed at 1112 E. Moore, Decatur, Illinois.

As probable cause in support of the Complaint for Search Warrant (the "Complaint" (a sealed version of which is docketed as number 26)), Detective Hesse states, in summary:

- Hesse has conducted numerous narcotics investigations;

- Between August 27, 2017 and August 31, 2017, Hesse spoke with Decatur Police Department Confidential Source "Pat Doe." Hesse knew Doe, who had provided the Decatur Police Department with information on three prior occasions.

- The information which Doe provided has "resulted in the seizure of illegal narcotics in Macon County."

- Doe informed Hesse that on three prior occasions, Doe was present at 1112 E. Moore in Decatur, Illinois, and on each of the three prior occasions Doe saw a black male known as "D" in possession of distribution amounts of heroin.

- Doe advised Hesse that he/she had been around heroin users and sellers in the past, and based on Doe's life experiences, knew the heroin inside the home at 1112 E. Moore was consistent with heroin he/she observed in the past and was consistent with distribution amounts.

- Doe told Hesse that between August 27, 2017 and August 31, 2017 was the most recent date Doe was in the home at 1112 E. Moore in Decatur, and stated that on that date he/she again observed "D" to be in possession of distribution amounts of heroin.

- Doe provided Hesse with a picture of "D" which matched photos of Dewayne Young which Hesse found on social media and from Young's Wisconsin state identification pulled from a law enforcement database.

- The remainder of the Complaint cites Hesse's historical and personal experience as a law enforcement officer as a basis for obtaining a search warrant, with no further discussion of facts specific to 1112 E. Moore, Mr. Young, or Pat Doe.

Dkt. No. 26, pp. 1-3. The Complaint was submitted and a search warrant for 1112 E. Moore and an arrest warrant for Mr. Young were issued by a judge in Macon County, Illinois on August 31, 2017 at 4:20 p.m. Those warrants were returned executed the following day, September 1, 2017 at 8:51 a.m.

Upon execution of the search warrant, law enforcement officers located cocaine and cocaine base in the kitchen area of the home at 1112 E. Moore. The total weight of suspect

cocaine and cocaine base, including all packaging (various tin foil packs and plastic bags) was 9.3 grams. Upon further search of the home, a 9-millimeter handgun and an additional 5.5 grams of suspect cocaine (including packaging) was located in the northeast bedroom of the residence. Testing of the suspect cocaine and cocaine base resulted in a positive result for a total of 5.4 grams of cocaine found in the entirety of the home at 1112 E. Moore. Of that total 5.4 grams, approximately 2.8 grams were found in the kitchen where the confidential informant had been prior to advising Det. Hesse of distribution amounts of heroin in the home. Information provided by the informant was then used in support of the search and arrest warrants in this case. This Court should find that the warrants issued were without probable cause, and any physical evidence seized from the illegal search of the home at 1112 E. Moore or the seizure of Mr. Young must be suppressed. Alternatively, Mr. Young requests that this Court grant him a hearing pursuant to *Franks v. Delaware*.

**ARGUMENT**

The Fourth Amendment to the United States Constitution provides that the people shall be secure in their "persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Absent certain limited exceptions, this right cannot be violated without a valid warrant which a judicial officer issues based upon probable cause. *Id*. An application for such a warrant must be accompanied by an affidavit, which stands on its own. The information supporting the application for a warrant must be found in the "four corners of a written affidavit." *United States v. Anderson*, 453 F.2d 174, 175 (9th Cir. 1971). In this case, the warrant affidavit supporting the Complaint was insufficient on its face, and should not have been sufficient to support a finding of probable cause.

I. **The Search of Mr. Young's Home Violated His Fourth Amendment Right to be Free from Unreasonable Search and Seizure, Because the Search Was Made Pursuant to an Invalid Warrant**

"'The essential protection of the warrant requirement of the Fourth Amendment' lies in the requirement that the usual inferences that reasonable people draw from evidence be drawn 'by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.'" *United States v. Glover*, 755 F.3d 811, 815-16 (7th Cir. 2014), quoting *Illinois v. Gates*, 462 U.S. 213, 240 (1983); *Johnson v. United States*, 333 U.S. 10, 13-14 (1948). The decision of that detached magistrate is given great deference on review, and the Fourth Amendment "requires no more than a substantial basis" for finding that a search would uncover evidence of a crime. *Glover*, 755 F.3d at 816, citing *Gates*, 462 U.S. at 236.

When determining the sufficiency of a warrant affidavit, the reviewing court must look to the totality of the information presented to the issuing judge. *Edwards v. Jolliff-Blake*, 907 F.3d 1052, 1056-57 (7th Cir. 2018), citing *United States v. Peck*, 317 F.3d 754, 756 (7th Cir. 2003). When the affidavit relies on information supplied by a confidential informant, there is an additional analysis required. That additional analysis examines "five primary factors, none of which is determinative by itself: "the level of detail, the extent of firsthand observation, the degree of corroboration, the time between the events reported and the warrant application, and whether the informant appeared or testified before the magistrate.'" *Edwards*, 907 F.3d at 1057, quoting *United States v. Glover*, 755 F.3d 811, 816 (7th Cir. 2014). Importantly, when a reviewing court determines whether probable cause existed, the court looks at the information presented to the magistrate at the time, "not how things turned out in hindsight." *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003). The reviewing court gives great

deference to the finding of probable cause and will uphold that finding, "so long as there is a 'substantial basis' for concluding 'that a search would uncover evidence of wrongdoing.'" *Edwards*, quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983). In *Edwards*, the reviewing court upheld the finding of probable cause, but the situation there is much different than the situation at hand.

> i. **The finding of probable cause to support the search warrant in this case fails the five-factor test to be used when a warrant is based on a confidential informant**

In *Edwards*, the police obtained a warrant based on information provided by a confidential informant known as "J. Doe." 907 F.3d at 1055. That information included the following: Doe was a long-time customer of the heroin-dealer whom the police sought to apprehend; Doe had detailed, first-hand observations; Doe discussed his recent purchase of heroin from the dealer, the affidavit included the quantity and price of the recent purchase "(3 baggies for $30)," the total quantity that Doe observed the dealer to possess ("over 100 baggies") and a statement that the dealer offered Doe more heroin whenever he needed it. *Id.* at 1057. The affidavit also established that Doe knew the substance to be heroin because he was a user of the drug and found his recent purchase of heroin from the dealer to be similar to heroin Doe had previously purchased from the same dealer. *Id.* Significantly, Doe provided all of this information against his own penal interest given that he was admitting not only to the use of heroin, but to his recent purchase of it. *Id.*, citing *United States v. Jones*, 208 F.3d 603, 606 (7th Cir. 2000) ("explaining that an informant's reliability was bolstered because she admitted to purchasing approximately twelve pounds of marijuana from the suspect on at least three prior occasions"). Here, the situation was quite different.

Det. Hesse appeared before the Macon County judge in this case, armed with little more than irrelevant past-experience and the vaguest of information. Rather than providing the court with detailed evidence or allegations about the controlled substance at issue, the informant in this case (Pat Doe) only told Det. Hesse that he knew the substance to be heroin because it "was consistent with the heroin he/she observed during previous life experiences." Doe did not state that he had used heroin in the past, or that he has used the heroin alleged to be in the home at 1112 E. Moore. Instead, Doe simply provided his opinion, *without any stated basis*, that the heroin he had seen in the past looked like heroin he saw at 1112 E. Moore. Doe also stated that he had seen "a distribution amount" of heroin in the home, without any specificity as to what amount is "a distribution amount." When compared to the information provided by the informant in *Edwards*, the number of baggies he purchased, the purchase price, the sight of another hundred baggies of the same substance in the home, and the knowledge that it was heroin because he had used it – the information provided by Doe is plainly insufficient. Taking away from the little credibility that can be afforded to Pat Doe's statements here, is the fact that the statements he made to Det. Hesse were not against his penal interest; Doe had only stated that he was in the home and made observations. Thus, the level of detail factor does not weigh in favor of a finding of probable cause.

There is no information that the informant appeared before the Macon County judge who issued the warrant. To the contrary, Det. Hesse writes on the face of the Complaint that he was the one appearing before the judge – without mention of a confidential informant joining him, offering testimony, submitting himself to questioning, or adding any indicia of reliability to his statements to law enforcement. *Edwards*, 907 F.3d at 1056, 1058 (confidential informant appeared before the issuing judge, testified under oath before the judge, and the judge was

provided with the informant's criminal history, a factor which the reviewing court weighed heavily towards a finding of probable cause). Thus, the factor of whether the informant appeared before the issuing judge weighs against a finding of probable cause here.

The degree of corroboration also weighs heavily against a finding of probable cause. Here, Det. Hesse looked at the photo which Doe had of "D" and compared that photo to other photos he had of Mr. Young. But this information does not independently corroborate what Doe told Hesse about distribution amounts of heroin located in the home at 1112 E. Moore and allegedly possessed by Mr. Young. It only confirms that Mr. Young was at the residence at 1112 E. Moore, a fact which was confirmed simply by examining the records of the City of Decatur Water Billing. Det. Hesse and those working with him did not seek corroboration outside of Doe himself, whether by having Doe take photos of the heroin (given that Doe had taken a photo of "D"), making controlled purchases of the heroin, doing trash-pulls at 1112 E. Moore (see *United States v. Leonard*, 884 F.3d 730 (7th Cir. 2018)), or simply surveilling the location to see if potential purchasers of heroin came and went from the residence. "Put differently, the steps the police took gave them some additional information, but did not 'directly bolster' Doe's account that [the defendant] was dealing heroin at the home…." *Edwards*, 907 F.3d at 1058, quoting *United States v. Dismuke*, 593 F.3d 582, 588 (7th Cir. 2010), abrogated on other grounds, as recognized in *United States v. Miller*, 721 F.3d 435, 438-39 (7th Cir. 2013). Thus, this factor also weighs heavily against a finding of probable cause.

The two factors of firsthand observation and time between events being observed and the application for the warrant arguably weigh in favor of a finding of probable cause, however, they should be given little weight, if any at all. The factor of firsthand observation should be of little weight because the firsthand observations are so clearly lacking in any detail. Indeed, it appears

7

that the information was so lacking that the question of whether a distribution amount was 100 grams, or 100 kilograms could not be answered. Instead, the firsthand observation only resulted in the conclusion that there was a "distribution amount" present. The totality of the circumstances should weigh heavily in favor of a finding that there was no substantial basis for concluding that a search would uncover evidence of wrongdoing. Thus, this Court should find that the warrant issued was not supported by probable cause and was, therefore, invalid.

### ii. Omission of damaging information about the confidential informant's background renders the probable cause determination invalid

"Cases that test the sufficiency of affidavits for warrants obtained based on informants are highly fact-specific, but information about the informant's credibility or potential bias is crucial." *Glover*, 755 F.3d at 816, referencing *United States v. Bell*, 585 F.3d 1045, 1050 (7th Cir. 2009) (failure to establish the informant's reliability raised concerns about informant's motivation, which is "certainly a factor to consider when assessing the reliability of his statements,"); *United States v. Koerth*, 312 F.3d 862, 867 (7th Cir. 2002) (affidavit was lacking where affidavit presented only conclusory information from the informant without a track record). Indeed, the complete omission of information about the informant is "insurmountable" and undermines the magistrate's ability to make a finding of probable cause. *Glover*, 755 F.3d at 816.

In this case, the government has not disclosed the identity of the informant, which is the subject of a Motion to Disclose his/her identity and is filed contemporaneously with this motion. Despite that, there is a good-faith basis to know the informant's identity. If that belief is accurate, Pat Doe has an extensive criminal history and is presently incarcerated in the Illinois Department of Corrections. There is also a good faith belief that Pat Doe was on felony probation and facing a petition for violation of probation at the same time that he provided

8

information to the Decatur Police Department in 2017. It appears that Doe had also recently completed in-patient treatment for substance abuse.

If Mr. Young's belief is correct, Pat Doe's extensive criminal history, substance abuse issues resulting in in-patient treatment, his status on probation at the time he provided the information about Mr. Young, and numerous other facts were wholly omitted from the affidavit attached to the Complaint in this case. This information should have been considered by the magistrate considering the information provided by Pat Doe was the largely the basis for a finding of probable cause, with minimal corroboration by law enforcement.

The situation in *Glover* is much the same as the matter before this Court. In *Glover*, an informant met with an officer with the Chicago Police Department and gave information about a felon, "T.Y.", in possession of two handguns. 755 F.3d at 814. The informant gave specific information about seeing T.Y. in possession of the handguns over the course of six weeks. The officer included this information in the affidavit in support of the search warrant application, along with some corroboration. The corroborating information involved the officer finding a picture of the defendant and showing it to the informant, who stated that the picture was the same as the person he knew as T.Y. *Id*. at 815. The officer used police records to confirm that T.Y., or Glover, had two felony convictions, and the officer confirmed with the informant where Glover lived by driving the informant to the location. *Id.* The affidavit did not include information about the informant's criminal history or motivations for providing the information, including that he expected payment for his assistance. *Id.*

The court in *Glover* held that the omission of the informant's criminal history and motivations was a substantial problem and provided an insufficient basis for probable cause. The *Glover* court compared the matter before it with *Peck*, 317 F.3d 754, and *Bell*, *supra*. The

9

court found that the police had only confirmed minor facts about Glover's criminal conduct, and specifically found that being a convicted felon is not "itself indicative of criminal activity." *Id.* at 817. Ultimately, the *Glover* court held that the officer's omission of the informant's checkered past and possible motivations in providing the information deprived the magistrate of the ability to "exercise his or her discretion to draw favorable or unfavorable inferences" and that the reviewing court could not "defer to the under-informed finding of probable cause." 755 F.3d at 818.

Similarly to the instant case, Pat Doe was facing criminal charges, was on probation at the time he provided the information, was facing petitions for violation of probation, and had just exited in-patient treatment. As in *Glover*, the magistrate that issued the warrant was under-informed and thus, the finding of probable cause was not proper. This Court should, therefore, hold that the affidavit in this case left the Macon County court under-informed, and unable to fulfill its role as a neutral arbiter in its finding of probable cause. Execution of the search warrant and the seizure of evidence against Mr. Young should be suppressed because it was not done pursuant to a valid search warrant, and there exists no applicable exception.

### b. There is no good faith exception which would apply to this situation

In *United States v. Leon*, the Court held that evidence seized pursuant to an invalid search warrant would nevertheless be admissible "when an officer acting on good faith has obtained a search warrant from a judge or magistrate and acted within its scope." 468 U.S. 897, 920 (1984). The good faith exception does not apply, however, when application of the rule would allow the circumvention of the purpose of the rule, *i.e.* police misconduct. "Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information

in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *Id*. at 923, citing *Franks v. Delaware*, 438 U.S. 154 (1978).

Here, the good faith exceptions enunciated in *Leon* do not apply because reliance on the warrant was not objectively reasonable, and because the affiant was so lacking in probable cause that official belief in the existence of probable cause was entirely unreasonable. *Id*, citing *Brown v. Illinois*, 422 U.S. 590, 610-11 (1975). The lack of reasonable reliance on the warrant is outlined below (§ II), and generally encompasses errors and omissions in the affidavit which are so glaring as to remove this situation from the protection of the good faith exceptions to the warrant requirement. Despite the Macon County judges' signature on the search warrant, the affiant cannot claim that his reliance on the signature was objectively reasonable when his presentation of the facts within the affidavit was not. Thus, suppression of the evidence recovered pursuant to the search warrant is the appropriate remedy.

> II. **The Warrant Affidavit Contains False Statements, Made Intentionally or With Reckless Disregard for the Truth, and the Statements were Material for a Finding of Probable Cause, Requiring a Hearing Pursuant to *Franks v. Delaware***

Should this Court find that the affidavit is supported by probable cause and is otherwise valid, this Court must then grant Mr. Young a hearing pursuant to *Franks v. Delaware*. Mr. Young is entitled to a *Franks* hearing due to the false and omitted facts in the warrant affidavit of Det. Hesse.

A *Franks* hearing is necessary in this case to determine the extent to which Det. Hesse intentionally misled the issuing court, or acted with reckless disregard to the truth in that pursuit. To be entitled to a *Franks* hearing, Mr. Young must:

> Make a substantial preliminary showing that (1) the warrant affidavit contains false statements, and (2) these false statements were made intentionally or with reckless disregard for the truth, and (3) the false statements were material to the finding of probable cause.

11

*United States v. Hancock*, 844 F.3d 702, 708 (7th Cir. 2016), citing *United States v. Mullins*, 803 F.3d 858, 862 (7th Cir. 2015), *cert. Denied*, 136 S.Ct. 1230 (2016). In order to demonstrate that a false statement or omission was necessary to prove the existence of probable cause, the defendant must initially identify the specific portions of the affidavit which are false or where there are omissions. *United States v. Johnson*, 2017 WL 30133244, * 3 (C.D. Ill. 2017), citing *United States v. Harris*, 464 F.3d 733, 738 (7th Cir. 2006). The court then "considers the affidavit, eliminating any false statements and incorporating omitted material facts, and determines whether probable cause existed." *Id*. The defendant is then entitled to a *Franks* hearing if, after adding in omissions and removing the false statements, "the warrant affidavit would not be sufficient to establish probable cause." *Id*. In this case, there are at least six false statements and material omissions contained in the warrant affidavit.

Here, the false information included in the affidavit is as follows:

- That Pat Doe has been present inside 1112 E. Moore with a black male identified as "D" (later identified as Mr. Young) on at least three, separate occasions (Dkt. No. 26, p. 2, ¶ 3);

- That Pat Doe had seen heroin inside the home at 1112 E. Moore on each of these three occasions (*Id*.);

- That Pat Doe saw Mr. Young with a "distribution amount" of heroin on each of these three prior occasions (*Id*. at ¶¶ 3-4);

- Omission of any support for the conclusion that the information which Pat Doe provided the Decatur Police in the past was reliable (*Id*. at ¶ 2);

- Omission of Pat Doe's criminal history, which spans 20 years and includes charges for possession of cannabis, multiple violations of orders of protection, domestic battery, criminal trespass, and residential burglary, among others.[1]

---

[1] This criminal history again assumes the identity of Pat Doe, and is made with a good-faith belief in its accuracy.

- That Pat Doe was serving a term of probation in Macon County at the time he/she acted as a CI for Det. Hesse, and that he/she was facing a petition for violation of that probation at the time he/she acted as a CI.

After removing the false information included in the affidavit and adding in the material omissions, the affidavit does not support a finding of probable cause. Indeed, the information which remains in support of probable cause is simply that: Det. Hesse confirmed that Mr. Young is associated with the address at 1112 E. Moore via a City of Decatur water bill, the photo which Pat Doe provided to Det. Hesse appears to be the same person as Mr. Young, and Det. Hesse generally has an extensive history of searching cellular phones and social media for evidence of crimes, with no specific mention of Mr. Young or 1112 E. Moore. Dkt. No. 26. This Court may also consider the fact that Pat Doe has a significant criminal history, was serving a term of probation when acting as a confidential source, and was facing a petition for a violation of probation when he provided information to Det. Hesse. This Court should consider the evidence as a whole, evaluating the totality of the circumstances when deciding if this revised affidavit would support probable cause. Mr. Young submits that it would not. *See United States v. Peck*, 317 F.3d 754, 756 (7th Cir. 2003).

      Here, there is little relevant information remaining in the warrant affidavit, and certainly not enough to support probable cause for a search warrant. This Court should find that there were false statements and omissions that were material to a finding of probable cause. Thus, this Court should grant Mr. Young a hearing pursuant to *Franks* to determine whether these statements were made intentionally or with reckless disregard for the truth.

**CONCLUSION**

Wherefore, Mr. Young respectfully requests that this honorable Court grant his request to suppress the evidence gathered as a result of the execution of the search warrant, and in alternative, grant his request for an evidentiary hearing pursuant to *Franks v. Delaware*.

Respectfully submitted on this 14th day of January, 2019.

                                                    /s/     Stephen F. Hall
                                                      Stephen F. Hall

                                          Attorney for Mr. Dewayne Young

**Law Office of Stephen F. Hall**
53 West Jackson Boulevard,
Suite 1424
Chicago, Illinois 60604
312.858.4400/ Stephen@sfhall.com

**CERTIFICATE OF SERVICE**

I, Stephen F. Hall, an attorney, hereby certify that I caused a true and correct copy of the foregoing **Defendant's Young's Combined Motion and Memorandum in Support to Suppress Evidence** to be filed on CM/ECF for the Central District of Illinois and thereby served on all parties on January 14, 2019.

                                          /s/     Stephen F. Hall
                                          Stephen F. Hall

                                        Attorney for Mr. Dewayne Young

**Law Office of Stephen F. Hall**
53 West Jackson Boulevard,
Suite 1424
Chicago, Illinois 60604
312.858.4400/ Stephen@sfhall.com